UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12314-WGY

BARBARA C. JOHNSON, ESQ.,

    Plaintiff,

v.

BOARD OF BAR OVERSEERS OF
MASSACHUSETTS, ET AL.,

    Defendants.

## MEMORANDUM SUPPORTING MOTION TO DISMISS

### INTRODUCTION

By this action, Plaintiff--an attorney representing herself in this action--challenges various procedures relating to a Petition of Discipline filed by the Massachusetts Bar Counsel that is currently pending before the Massachusetts Board of Bar Overseers ("BBO"). The crux of the complaint is Plaintiff's claim that she has a right to a jury trial because the proceeding before the BBO "is a quasicriminal proceeding." (Amended Compl. at 1.) This Court should dismiss this action because Younger abstention requires dismissal given the pending state-bar discipline proceeding, which provides for state-court judicial review of the BBO's final action (including federal law claims that might be raised by Plaintiff).[1]

---

[1] The First Circuit has concluded that Younger abstention requires dismissal of the complaint, Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 785 & n.17 (1st Cir. 1990).

## BACKGROUND

I.   **GENERAL OVERVIEW OF THE BBO DISCIPLINARY PROCEDURE.**

The Massachusetts Supreme Judicial Court established the BBO and Office of the Bar Counsel in 1974 as independent administrative bodies to investigate and evaluate complaints against lawyers. Mass. S.J.C. Rule 4:01, effective September 1, 1974, 365 Mass. 696 (1974) They were created "in accordance with [the Supreme Judicial Court's] power to supervise the conduct of attorneys, and the board exists as the disciplinary arm of [the Supreme Judicial Court]." Binns v. Board of Bar Overseers, 369 Mass. 956 (1976).

Formal disciplinary proceedings are instituted by the Bar Counsel's "filing a petition or discipline with the [BBO] setting forth specific charges of alleged misconduct." Mass. S.J.C. Rule 4:01, § 8(3). Following notice to the respondent-attorney and the opportunity to answer the petition for discipline, a hearing is scheduled before "an appropriate hearing committee, [] a special hearing officer, or [] the [BBO] or a panel of the [BBO]." Id.

After the hearing, a report containing proposed findings of fact, conclusions of law, and recommendations is filed with the BBO. Id., § 8(4). The BBO then reviews the report and determines what, if any, discipline should be imposed. Id. An information is filed with the Supreme Judicial Court for Suffolk County ("the Single Justice"), "whenever it shall determine that the matter should be concluded by suspension or disbarment, whenever either the bar counsel or the respondent-lawyer objects to having the matter concluded by admonition or by public reprimand . . . and whenever the bar counsel objects to having the matter concluded by dismissal . . . ." Id.

When the information is filed with the Single Justice, the action is entered on the Bar

Docket, see The Supreme Judicial Court for Suffolk County's Guide to Practice and Procedure before the Single Justice (http://www.sjccountyclerk.com/singjusprpr.html), and is considered in accordance with the general procedures set forth in Rule 2, which set forth the general procedures for actions before the Single Justice, and the standard of review set forth in Rule 4:01, § 8(4).[2] The final judgment of the Single Justice in the matter is then appealable to the full Court. Mass. G.L. c. 231, § 114; see generally Matter of Foley, 439 Mass. 324, 333 (2003) (describing procedural steps from BBO disposition to full court and setting forth standard of review before the full Court).

## II.  AMENDED COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS RELATING TO JOHNSON.

As alleged in the Amended Complaint, the Massachusetts Bar Counsel filed a petition for formal discipline against Plaintiff in January 2003 alleging, inter alia, that: (1) she "commingled funds by depositing . . . money into her personal rather than into her IOLTA account;" (2) "that 'the fees charged and collected by [Plaintiff] in the [underlying] matter were clearly excessive;'" and (3) Plaintiff "published confidential material . . . without [] consent." (Amended Compl. ¶ 16.) Between January 2003 and December 2, 2003, when the hearing on the petition commenced, Plaintiff broadly contested the petition for formal discipline at many procedural junctures, as detailed by Plaintiff. (Amended Compl. ¶¶ 17-195; BBO Docket Sheet [attached to Amended Compl. as Ex. A]). The hearing concluded on December 11, 2003, and the matter is now under advisement with the hearing officer. (Amended Compl., Ex. A.)

---

[2] Rule 4:01, § 8(4) provides that "[t]he subsidiary facts found by the [BBO] and contained in its report filed with the information shall be upheld if supported by substantial evidence, upon consideration of the record, or such portions as may be cited by the parties."

## ARGUMENT

### THE COURT SHOULD ABSTAIN IN FAVOR OF THE PENDING STATE BBO PROCEEDING.

This Court should abstain from exercising jurisdiction on the grounds of federalism and comity stated in Younger v. Harris, 401 U.S. 37 (1971), as made expressly applicable to attorney disciplinary proceedings in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982). Younger requires that federal courts not interfere with ongoing state proceedings when: (1) the state proceedings are judicial in nature; (2) the proceedings implicate important state interests; (3) they provide an adequate opportunity to raise federal claims. Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 776-77 (1st Cir. 1990).

Younger requires dismissal of this case. First, there is an ongoing state-bar disciplinary action that is "judicial in nature." Like the New Jersey bar disciplinary proceedings at issue in Middlesex Ethics Comm., 457 U.S. at 423, "[i]t is clear beyond doubt that the [Massachusetts Supreme Judicial] Court considers its bar disciplinary proceedings as 'judicial in nature.'" Id at 433. The Supreme Judicial Court established the BBO and Office of the Bar Counsel in 1974 as independent administrative bodies to investigate and evaluate complaints against lawyers. Mass. S.J.C. Rule 4:01, effective September 1, 1974, 365 Mass. 696 (1974). They were created "in accordance with [the Supreme Judicial Court's] power to supervise the conduct of attorneys, and the board exists as the disciplinary arm of [the Supreme Judicial Court]." Binns v. Board of Bar Overseers, 369 Mass. 956 (1976).

Second, the issues at stake in the state disciplinary proceeding implicate important state

interests. Massachusetts's "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses" suffices for purposes determining whether Younger abstention applies. Middlesex Ethics Comm., 457 Mass. at 434-35.

Third, the state disciplinary proceeding affords Plaintiff an adequate opportunity to raise her federal claims. See Middlesex Ethics Comm., 457 U.S. at 435-36 (abstention required so long as Plaintiff can raise federal constitutional issues in state proceeding); Bettencourt, 904 F.2d at 778 & n.8 (an adequate opportunity exists unless state court proceeding deprives litigant from raising federal claims, regardless of whether those claims were actually raised). The BBO's recommendations regarding a disciplinary sanction may be appealed to a Single Justice of the Supreme Judicial Court and in turn the decision of the single justice may be appealed to the full Supreme Judicial Court. See e.g., Matter of Foley, 439 Mass. 324, 333 (2003). The Supreme Judicial Court recently summarized its standard of review as follows:

> Our general standard of review when a disciplinary sanction imposed by a single justice is challenged is whether the sanction "is markedly disparate from judgments in comparable cases." But where the case is unique or involves a matter of first impression and is therefore not comparable to previous cases, we "review the decision of the single justice to determine whether it is supported by sufficient evidence, constitutes an abuse of discretion, and is free from any error of law." In either instance, our review of the single justice's decision is de novo, but tempered with substantial deference to the board's recommendation.

423 Mass. at 333 (citations omitted). The "free-from-error-of-law" prong includes federal-law issues raised by an appealing party. See e.g., Matter of Kenney, 339 Mass. 431 (1987)(addressing attorney's claim that his Fifth and Fourteenth Amendment rights were violated). Additionally, "It cannot be doubted that the courts of the Commonwealth . . . will give federal constitutional issues . . . the closest scrutiny." Brotherhood of Locomotive Engineers

Massachusetts Commission Against Discrimination, 695 F. Supp. 1321, 1323 (D. Mass. 1988).

Finally, to the extent that Plaintiff's claims may be construed as an attempt to raise issues regarding "bad faith, harassment, or any other unusual circumstance," Bettencourt, 904 F.2d at 779, in the state disciplinary proceeding, Plaintiff's allegations cannot reasonably be construed to meet this very narrow and demanding exception to Younger abstention. See generally United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984)(emphasizing the narrowness and rigor of the exception to Younger abstention); Wightman v. Texas Supreme Court, 84 F.3d 188, 190 ("[t]he bad faith exception is narrow and is to be granted parsimoniously"). Such claims of bad faith or illegal motive "must be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998); see also Bettencourt, 904 F.2d at 780 n.10 (noting specificity of allegations that must be made to support a claim of actual bias by an administrative hearing board). Here, the most specific allegations forwarded by Plaintiff in support of her claim of bad-faith prosecution, see Amended Compl. ¶¶ 41-47, as well as her many other more generalized and conclusory allegations of bad faith fall short of the needed specific allegations to avoid Younger abstention.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the Amended Complaint and order that judgment enter for the defendants.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
John R. Hitt, BBO #567235
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200, ext. 2995

Dated: January 8, 2004

## LOCAL RULE 7.1 CERTIFICATION

Plaintiff brings this action pro se and, therefore, undersigned counsel cannot certify that he has conferred with "counsel" for Plaintiff in a good faith attempt to resolve or narrow these issues. Looking to Local Rule 16.2 for guidance, undersigned counsel concludes that unless otherwise ordered by the Court, rule 7.1(A)(2) is inapplicable here.

_____
John R. Hitt
Assistant Attorney General

Date: January 8, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on ____1/8/04____