UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No. 03-CV-12314-WGY

**Barbara C. Johnson, Esq.**
Plaintiff

v.

**Board of Bar Overseers of Massachusetts,**
**M. Ellen Carpenter, Esq.,** in her individual and professional capacities,
  including her capacity as Chair of the Board of Bar Overseers,
**Herbert P. Phillips, Esq.,** in his individual and professional capacities,
**Office of Bar Counsel,**
**Daniel Crane, Esq.,** in his individual and professional capacities,
**Commonwealth of Massachusetts,**
Defendants

-------------------------------------------------------------------------------------

### PLAINTIFF'S MOTION TO RECONSIDER THE DISMISSAL OF COUNTS 1-6, WHICH SEEK DECLARATORY JUDGMENTS
### (with Affidavit and Local Rule 7.1(A)(2) Certification)

Now comes Plaintiff Barbara C. Johnson ["Johnson"] and moves this court to reconsider dismissing Counts 1-6, which sought this court to make declaratory judgments regarding the state bar rules, to wit, the Rules of the Board of Bar Overseers.

As grounds, Johnson states that she has found a case exactly on point, <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983), cited by <u>Catz v. Chalker</u>, 142 F.3d 279 (6th Cir. (Ohio) 1998). The United States Supreme Court in <u>Feldman</u>, of <u>Rooker-Feldman</u> fame, gives this district court subject-matter jurisdiction over general challenges to state bar rules, which is exactly what Johnson's counts are. i.e. general challenges to the BBO rules:

> We have recognized that state supreme courts may act in a non-judicial capacity in promulgating rules regulating the bar. . . . Challenges to the constitutionality of state bar rules, therefore, do not necessarily require a United States District Court to review a final state court judgment in a judicial proceeding. Instead, **the District Court may simply be asked to assess the validity of a rule promulgated in a non-judicial proceeding. If this is the case, the District Court is not reviewing a state court judicial decision.** In this regard, 28 U.S.C. § 1257 does not act as a bar to the District Court's consideration of the case and because the proceedings giving rise to the rule are non-judicial the policies prohibiting United States District Court review of final state court judgments are not implicated.

1

> **United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case.** They do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this Court. 28 U.S.C. § 1257.

Catz v. Chalker, 142 F.3d at 293-294, quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-486 (1983).

WHEREFORE, Plaintiff prays this court allow this motion to vacate the dismissal of Counts 1 through 6 in the interest of justice.

Respectfully submitted,
Plaintiff Barbara C. Johnson, pro se,

18 March 2004

/s/ Barbara C. Johnson  <barbaracjohnson@worldnet.att.net>
Barbara C. Johnson, Esq., Pro Se
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972

### AFFIDAVIT OF BARBARA C. JOHNSON

I, Barbara C. Johnson, hereby swear and say that all the statements and observations I attribute to myself in the within pleading are true and accurate. Sworn under the pains and penalties of perjury.

18 March 2004

/s/ Barbara C. Johnson  <barbaracjohnson@worldnet.att.net>
Barbara C. Johnson, Esq., Pro Se

### PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Barbara C. Johnson, hereby certify, pursuant to Local Rule 7.1(A)(2), that I attempted to confer with AAG John Hitt in a good faith attempt to resolve or narrow the issues raised by the instant motion, but his voice machine announced that he would be out of the office until March 26th. His assistant, Ann Preston, was unavailable to take the call, and the A-G's phone system is so confusing that I could not find a machine on which to leave a voice message.

18 March 2004

/s/ Barbara C. Johnson  <barbaracjohnson@worldnet.att.net>
Barbara C. Johnson, Esq.
6 Appletree Lane
Andover, MA 01810-4102
978-474-0833
BBO #549972