

03-12314
USDCIMA
Young, W.

# United States Court of Appeals
## For the First Circuit

No. 04-1713
    04-1833

BARBARA C. JOHNSON,

Plaintiff, Appellant,

v.

BOARD OF BAR OVERSEERS OF THE
COMMONWEALTH OF MASSACHUSETTS, ET AL.,

Defendants, Appellees.

Before

Torruella, Lipez and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: March 31, 2005

    The judgment of the district court is <u>affirmed</u> essentially for the reasons stated in <u>Johnson</u> v. <u>Board of Bar Overseers</u>, 324 F.Supp.2d 276 (D. Mass. 2004). <u>See</u> 1st Cir. R. 27(c). We add only these comments.

    1. The <u>Younger</u> doctrine bars plaintiff's request for declaratory relief. <u>See</u> <u>Samuels</u> v. <u>Mackell</u>, 401 U.S. 66, 72 (1971). "[I]nterference [with pending state proceedings] . . . clearly exists where," as here, "the plaintiff is seeking a declaratory judgment that a prosecution, <u>or the statute serving as its basis</u>, is illegal or unconstitutional." <u>Rio Grande Community Health Ctr.</u> v. <u>Rullan</u>, 397 F.3d 56, 70 (1st Cir. 2005) (emphasis added).

    2. Plaintiff fails to distinguish <u>Middlesex County Ethics</u>

Committee v. Garden State Bar Association, 457 U.S. 423 (1982). From the arguments made here, we see no functional difference for Younger purposes between the Massachusetts and New Jersey bar disciplinary proceedings.

    3. For immunity purposes, plaintiff fails to distinguish Bettencourt v. Board of Registration in Medicine, 904 F.2d 772 (1st Cir. 1990). See id. at 782-83 & n.13 (whether functioning as adjudicators or as "'public' prosecutors," members of state medical board have quasi-judicial absolute immunity).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

/s/ [signature]
Deputy Clerk

Date: 4/27/05

MARGARET CARTER
By: _____
    Chief Deputy Clerk.

[cc: Barbara C. Johnson, John R. Hitt, AAG]